**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ANGEL ROSAS-VILLEGAS,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01177-RFB-EJY

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Mr. Angel Rosas-Villegas's Petition for Writ of Habeas Corpus ("Amended Petition"), which he filed pursuant to 28 U.S.C. § 2241. See generally First Amend. Pet. for Writ of Habeas Corpus, ECF No. 9 (May 8, 2026) [hereinafter, "Amended Petition"]. Through it, he challenges the lawfulness of his ongoing detention at the Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). In turn, Respondents suggest that Mr. Rosas-Villegas is properly detained under 8 U.S.C. § 1231, as he allegedly has a final order of removal. See Resp'ts' Resp. to Pet'r's Verified Amend. Pet. for Habeas Corpus 1, ECF No. 12 [hereinafter, "Opposition"]. The Court disagrees. Because Mr. Rosas-Villegas does not have a final order of removal, the Court finds that he cannot be detained pursuant to § 1231. Therefore, the Court awards Petitioner a writ of habeas corpus and orders Respondents to immediately release him from government custody.

## I.   PROCEDURAL HISTORY

From the outset, the Court briefly outlines the relevant procedural history of this case, as it frames the Court's discussion of the Amended Petition's merits.

On April 16, 2026, Mr. Rosas-Villegas launched these proceedings by petitioning the Court

for a writ of habeas corpus. See generally Pet. for Writ of Habeas Corpus, ECF No. 1-1 (Apr. 16, 2026). Simultaneously, Petitioner filed a motion for the appointment of counsel based on the complexity of his case. See generally *Ex Parte* Mot. for Appointment of Counsel, ECF No. 1-2.

In turn, the Court screened the original petition and found that Mr. Rosas-Villegas may be entitled to habeas relief. See Order Appointing Counsel 2, ECF No. 4. Accordingly, the Court appointed the Federal Public Defender for the District of Nevada ("FPD") to represent Mr. Rosas-Villegas, and the Court ordered the FPD to file an amended petition to crystallize the issues in this case. See id. at 2.

The FPD did so on May 8, 2026, and it prophylactically argued that Mr. Rosas-Villegas cannot be subjected to prolonged, mandatory detention under § 1225(b)(2)(A) or § 1226(c).[1] See generally Amended Petition. The Court preliminarily reviewed the Amended Petition, found that it presents a *prima facie* case for habeas relief, and ordered Respondents to justify Petitioner's detention. See generally Min. Order, ECF No. 10 (May 11, 2026). Specifically, the Court ordered Respondents to "file a . . . return certifying the true cause of detention." Id. (quoting 28 U.S.C. § 2243).

On May 15, 2026, Respondents filed a brief response which disregards Petitioner's arguments; instead, Respondents imply that Mr. Rosas-Villegas is subject to detention under § 1231, as he purportedly "has a final order of removal as of April 13, 2026." Opposition at 1. Thus, § 1231 is the only legal authority which Respondents rely on to justify Petitioner's detention.

Finally, on May 20, 2026, Mr. Rosas-Villegas filed his reply, which largely mirrors the Amended Petition. See generally Pet'r's Reply, ECF No. 14 [hereinafter, "Reply"].

The Court now turns to the Amended Petition.

## II.    DISCUSSION

### A.    JURISDICTION

As a threshold matter, the Court briefly reaffirms its own jurisdiction over this case. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation

---

[1] To clarify, both of these provisions are codified in Title VIII of the United States Code.

to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (citation omitted). It is well settled that this Court has jurisdiction to grant writs of habeas corpus to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; U.S. CONST. art. I, § 9, cl. 2; Trump v. J.G.G., 604 U.S. 670, 672 (2025). Neither party claims that the Immigration and Nationality Act's ("INA") jurisdiction-stripping provisions divest this Court of jurisdiction over the Amended Petition. See generally 8 U.S.C. § 1252. Having independently reviewed these provisions in the context of this case, the Court agrees. Therefore, the Court concludes that it has subject-matter jurisdiction over the Amended Petition and proceeds to the merits of Petitioner's claim.

### B. UNLAWFUL DETENTION

Mr. Rosas-Villegas does not have a final order of removal, as he is currently appealing his removal order before the Board of Immigration Appeals ("BIA"). Therefore, he cannot be detained pursuant to 8 U.S.C. § 1231, such that his ongoing detention is plainly unlawful.

By way of background, the INA provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Specifically, four provisions empower the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). A noncitizen's place within this web of provisions is significant, as it "can affect whether [their] detention is mandatory or discretionary, as well as the kind of review process available to [them] if [they] wish[ ] to" challenge their detention. See id. (citation omitted). As discussed above, Respondents only invoke § 1231 to justify Mr. Rosas-Villegas's detention. See generally Opposition. Therefore, it is the only provision of the INA that is relevant to this case.

Section 1231 governs the detention of noncitizens who are subject to *final* orders of removal. See 8 U.S.C. § 1231(a); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing Jennings v Rodriguez, 583 U.S. 281, 298 (2018)) (clarifying that § 1231(a) supplies DHS's detention authority once a noncitizen is subject to a final removal order). Thus, § 1231 does not—and cannot—authorize the detention of a noncitizen "during the pendency of

[their] administrative or judicial [immigration] proceedings." Avilez, 69 F.4th at 530; see also Prieto-Romero, 534 F.3d at 1060. Relevant here, a removal order becomes administratively final when: (1.) the BIA affirms it; (2.) the noncitizen declines, or fails, to file a timely appeal; (3.) it is issued in the noncitizen's absence; (4.) the noncitizen violates the terms of a voluntary departure agreement, which was approved alongside an alternate order of removal; or (5.) the BIA, or the Attorney General, affirms removal after the order is certified. See generally 8 C.F.R. § 1241.1. That is to say, a noncitizen's removal order becomes administratively final when the Executive Office of Immigration Review has finished reviewing it, such that "there is nothing left for the [agency] to do with respect to the [ ] order other than [ ] execute it." Johnson, 594 U.S. at 535; see also Riley v. Bondi, 606 U.S. 259, 300 (2025) (Sotomayor, J., dissenting) (reaffirming that a removal order becomes administratively final when "the agency has finalized its removability finding); see also 8 U.S.C. § 1101(47)(B) (clarifying that a removal order "shall become final" when the BIA affirms it or a noncitizen fails to file a timely appeal).

Upon the application of this law to the instant case, the Court finds that Mr. Rosas-Villegas's removal order is not administratively final, as he is actively appealing it before the Executive Office of Immigration Review. See Petition at 5; Reply at 2 n.1. Respondents do not dispute this. And neither party suggests that the other provisions of 8 C.F.R. § 1241.1 have any bearing on this case. On this record, the Court concludes that Mr. Rosas-Villegas is not subject to a final order of removal, as his removal proceedings are alive and well before the BIA. Therefore, he cannot be incarcerated pursuant to 8 U.S.C. § 1231, such that his ongoing detention is categorically unlawful under the INA.

### C. REMEDY

Having found that Petitioner's ongoing detention is unlawful, the Court turns to the proper remedy. Before fashioning a remedy for this specific case, the Court outlines some general principles which govern habeas corpus proceedings. Federal courts have equitable discretion to fashion habeas relief as "law and justice require." Brown v. Davenport, 596 U.S. 118, 132 (2022) (quoting 28 U.S.C. § 2243). Indeed, this Court's remedial power is "broad and flexible" when it sits in habeas. See U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (citation omitted); Burnett v.

Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief. . . . The court is free to fashion the remedy as law and justice require . . . .") (citation omitted). Nonetheless, since "[h]abeas is at its core a remedy for unlawful executive detention," "[t]he typical remedy for such detention is, of course, release." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citations omitted). Since the government has failed to supply a lawful justification for Mr. Rosas-Villegas's detention, the typical remedy is the appropriate one in this case. Therefore, Petitioner must be immediately released from government custody.

### III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** the Amended Petition for Writ of Habeas Corpus (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **IMMEDIATELY RELEASE** Petitioner from detention, on his own recognizance, between **1:00 P.M. and 3:00 P.M. on June 23, 2026**.

**IT IS FURTHER ORDERED** that, upon Petitioner's release, Respondents must **RETURN** his personal property, including, but not limited to, his personal identification document(s), employment authorization form(s), etc.

**IT IS FURTHER ORDERED** the Parties shall file a joint status report by **June 24, 2026**, which confirms the date, and time, of Petitioner's release from detention. The status report must also confirm Respondents' compliance with this Court's directives regarding the conditions of his release.

///
///
///
///
///
///
///

- 5 -

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to re-open this case to enforce the judgment without filing a separate case.

**DATED:** June 22, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**